IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ATREAN DAVIS, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:13-CV-00001 |
| | § | (JURY DEMANDED) |
| | § | |
| LEGEND ENERGY SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S ANSWER TO PLAINTIFFS' FIFTH AMENDED COMPLAINT

Legend Energy Services, LLC, Defendant, files this Answer to Plaintiffs' Fifth Amended Complaint ("Complaint").  Defendant will show the Court the following:

Defendant asserts that it has the burden of proof only on those matters identified as affirmative defenses in Rule 8(c) of the Federal Rules of Civil Procedure. In response to Plaintiffs' claims, Defendant asserts the following:

### DEFENSE NO. 1

Plaintiffs have failed to state a claim upon which relief may be granted.

### DEFENSE NO. 2

With the exception of Plaintiff "J. P. Grianard," whom Defendant has no record of ever having employed, Plaintiffs are and/or were exempt employees under the Fair Labor Standards Act ("FLSA"). Specifically, Plaintiffs (excepting "Grianard") are and/or were at all pertinent times exempt administrative, executive, and/or highly compensated employees. In addition, Plaintiffs (excepting "Grianard") are and/or were exempt under the motor carrier exemption.

## DEFENSE NO. 3

Without assuming the burden of proof, Defendant states that any alleged violation of the FSLA, which is denied, was not willful within the meaning of the FLSA. Defendant did not intentionally or knowingly engage in any violation of the FLSA, nor did it exhibit reckless disregard of the FLSA's requirements. Liquidated damages are not appropriate.

## DEFENSE NO. 4

Defendant has at all times acted in good faith and without malice. Defendant had reasonable grounds for believing that its actions and/or any alleged omissions were not a violation of the FLSA.

## DEFENSE NO. 5

Defendant's conduct was at all times in good faith conformity with and reliance on an administrative regulation, order, ruling, approval, interpretation, or practice of the United States Department of Labor.

## DEFENSE NO. 6

Without assuming the burden of proof, Defendant states that all Plaintiffs who were actually employed by Defendant were timely and properly paid all wages due and owing under the FLSA.

## DEFENSE NO. 7

Without assuming or admitting liability, Defendant states that it is entitled to an offset or credit against any amounts due (which are denied). the claims of all Plaintiffs who were actually employed by Defendant are barred by accord and satisfaction, payment and/or release.

## DEFENSE NO. 8

Plaintiffs' claims are barred by the doctrines of waiver, estoppel, ratification, unclean hands, limitations and/or laches.

## DEFENSE NO. 9

Pending discovery, Defendant states that some of the time for which Plaintiffs seek compensation is *de minimis*.

## DEFENSE NO. 10

Plaintiffs are not all similarly situated.

## DEFENSE NO. 11

Plaintiffs' counsel should be required to show authority to represent each person asserted to be a plaintiff in this lawsuit.

---

Defendant reserves the right to assert any additional defenses and/or avoidances that may be discovered during the course of additional investigation and discovery.

Without waiver of the above defenses, Defendant responds to the specific allegations in Plaintiffs' Complaint as follows:

1.      Defendant admits the allegations in Paragraph 1 of Plaintiffs' Complaint, except with respect to Plaintiff "J. P. Grianard." Defendant has no record of ever having employed any person of that name.

2.      With respect to the allegations in Paragraph 2 of Plaintiffs' Complaint, Defendant admits that it does business in the Southern District of Texas, Victoria Division, and that it has been served with a copy of Plaintiffs' Complaint.

3.      Defendant admits the allegations in Paragraph 3 of Plaintiffs' Complaint.

4. Defendant admits the allegations in Paragraph 4 of Plaintiffs' Complaint.

5. Defendant admits the allegations in Paragraph 5 of Plaintiffs' Complaint.

6. Defendant admits the allegations in Paragraph 6 of Plaintiffs' Complaint.

7. Defendant admits the first sentence in Paragraph 7 of Plaintiffs' Complaint, except with respect to Plaintiff "J. P. Grianard;" Defendant has no record of ever having employed such person. With respect to the second sentence in Paragraph 7 of Plaintiffs' Complaint, Defendant admits only that Plaintiffs (other than "J. P. Grianard") were and/or are employees of Defendant in various job capacities, but denies Plaintiffs' allegations of "other support personnel."

8. With respect to the allegations in Paragraph 8 of Plaintiffs' Complaint, Defendant admits only that Plaintiffs (other than "J. P. Grianard") were and/or are paid salaries.

9. With respect to the allegations in Paragraph 9 of Plaintiffs' Complaint, Defendant admits that Plaintiffs (other than "J. P. Grianard") were and/or are eligible for and paid day bonuses and a per diem under certain circumstances. Defendant denies the allegations in the second sentence of Paragraph 9 of Plaintiffs' Complaint. With respect to the third sentence in Paragraph 9 of Plaintiffs' Complaint, Defendant admits only that Plaintiffs were not and are not paid additional compensation at a rate of time and one-half for "overtime."

10. With respect to the allegations in Paragraph 10 of Plaintiffs' Complaint, Defendant admits only that it pays day bonuses under certain circumstances and that such bonuses have been paid when conditions have been met. Otherwise, Defendant denies the allegations in Paragraph 10 of Plaintiffs' Complaint.

11. Defendant denies the allegations in Paragraph 11 of Plaintiffs' Complaint.

12. Defendant denies the allegations in Paragraph 12 of Plaintiffs' Complaint.

13. Defendant denies the allegations in Paragraph 13 of Plaintiffs' Complaint.

14. Defendant denies the allegations in Paragraph 14 of Plaintiffs' Complaint.

15. Defendant denies the allegations in Paragraph 15 of Plaintiffs' Complaint.

16. Defendant denies that it has any "policy" not to pay overtime wages to any employee entitled to such wages under applicable law.  Further, Defendant denies that Plaintiffs work on vehicles with GVWR of 10,000 pounds or less or work exclusively on such a vehicle.

17. Defendant denies the allegations in Paragraph 17 of Plaintiffs' Complaint.

18. Defendant denies the allegations in Paragraph 18 of Plaintiffs' Complaint.

19. Defendant denies the allegations in Paragraph 19 of Plaintiffs' Complaint.

20. Defendant denies the allegations in Paragraph 20 of Plaintiffs' Complaint.

21. Defendant denies the allegations in Paragraph 21 of Plaintiffs' Complaint.

22. Defendant denies the allegations in Paragraph 22 of Plaintiffs' Complaint.

23. Defendant denies the allegations in Paragraph 23 of Plaintiffs' Complaint.

24. With respect to the allegations in Paragraph 24 of Plaintiffs' Complaint, Defendant incorporates the above responses to the preceding paragraphs in Plaintiffs' Complaint, and denies the remaining allegations stated in Paragraph 24 of Plaintiffs' Complaint.

25. With respect to the allegations in Paragraph 25 of Plaintiffs' Complaint, Defendant admits that under certain circumstances a non-exempt employee must be paid overtime compensation as alleged, but not in all circumstances.  Defendant denies Plaintiffs' allegation that this requirement applied to Defendant's payment to Plaintiffs.

26. Defendant denies the allegations in Paragraph 26 of Plaintiffs' Complaint.

27. Defendant denies the allegations in Paragraph 27 of Plaintiffs' Complaint.

28. Defendant denies the allegations in Paragraph 28 of Plaintiffs' Complaint.

29.     Defendant denies the allegations in Paragraph 29 of Plaintiffs' Complaint.

30.     Defendant is not required to either admit or deny the allegation about Plaintiffs' demand for a jury trial as stated in Paragraph 30 of Plaintiffs' Complaint.

31.     Defendant denies that Plaintiffs are entitled to recover any of the relief sought in Paragraphs 31, 32, 33, 34, and 35 of Plaintiffs' Complaint.

32.     Any allegations in Plaintiffs' Complaint not specifically admitted above are hereby denied.

Therefore, Defendant Legend Energy Services, LLC submits that Plaintiffs' Complaint should be dismissed in its entirety, with prejudice, and that Defendant should be afforded such other relief to which it is justly entitled, including a recovery of attorneys' fees and costs.

Respectfully submitted,

/s/ Robert L. Ivey
Jeffrey C. Londa
State Bar No. 12512400
Robert L. Ivey
State Bar No. 10438700
OGLETREE, DEAKINS, NASH, SMOAK
  & STEWART, P.C.
One Allen Center
500 Dallas Street, Suite 3000
Houston, Texas  77002
713.655.5750 (phone)
713.655.0020 (fax)

**ATTORNEYS FOR DEFENDANT
LEGEND ENERGY SERVICES, LLC**

**OF COUNSEL**:

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
500 Dallas Street, Suite 3000
Houston, TX  77002
713.655.0855 (phone)
713.655.0020 (fax)

## **CERTIFICATE OF SERVICE**

I certify that on April 4, 2014, the foregoing has been served upon counsel named below via the electronic filing and notice procedures of the United States District Court for the Southern District of Texas:

Clark Woodson, III
Law Office of Clark Woodson III
601 E. Myrtle
Angleton, Texas  77515


                                            /s/ Robert L. Ivey
                                              Robert L. Ivey